# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MOLCON, | : | |
| Plaintiff, | : | |
| v. | : | No. 4:18-CV-596 |
| TIM BETTI, *et al.*, | : | (Judge Brann) |
| Defendants. | : | |

## MEMORANDUM OPINION

### DECEMBER 26, 2018

**I.  BACKGROUND**

Michael Molcon, an inmate presently confined at the State Correctional Institution, Benner Township, Pennsylvania (SCI-Benner Twp.) filed this *pro se* civil rights action.  Named as Defendants are Warden Tim Betti and the Medical Department of the Lackawanna County Prison, Scranton, Pennsylvania.  Service of the Complaint was previously ordered.

Molcon alleges that while previously confined at the Lackawanna County Prison, he fell out of bed on November 15, 2016 and injured his back.  Molcon adds that he also fell and injured his ribs on November 2, 2016.  The Complaint further indicates that Plaintiff required treatment for a rash, three loose teeth,  and blood in his urine.  According to Molcon, the medical staff displayed deliberate

indifferent to those needs and provided him with negligent care.

Presently pending is a motion to dismiss filed by Defendant Medical Department. *See* Doc. 12. In response, Plaintiff has filed a motion to "uphold the motion for dismissal of the Plaintiff's complaint against the Medical Department." Doc. 16, ¶ IV.

## II. DISCUSSION

The Moving Defendant asserts that a viable civil rights claim is not set forth against the Medical Department. Second, it is argued that any state law negligence claim is precluded from consideration because Molcon failed to file the required certificate of merit.

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. A court when ruling on a motion to dismiss under Rule 12(b)(6), must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).

In order to demonstrate a plausible right to relief, a plaintiff must present facts that, if true, would show that he or she is entitled to relief. *See* Fed. R. Civ. P. 8(a), *see also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This provision requires a plaintiff to present "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of his cause of action. *Id*. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. A plaintiff's legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. *See id.* at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. A court considering a motion to dismiss must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a

particular cause of action). I acknowledge that *pro se* pleadings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Medical Department

The Complaint generally avers only that "Medical is responsible for ignoring my needs for medical attention." Doc. 1, p. 3. The motion to dismiss asserts that Plaintiff has failed to adequately allege that he had a serious medical need. It is noted that Plaintiff's response to the motion to dismiss indicates that he concurs in the entry of dismissal in favor of Defendant Medical Department.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Philogene v. Adams County Prison*, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); *Sponsler v. Berks County Prison*, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995).

Our Court of Appeals in *Fischer* also recognized that a prison's medical department may not be sued under § 1983 since it is not a person. *See Fischer* 474 F.2d at 992; *see also Stanley v. Delaware Co. Medical Dept.*, 1991 WL 29928 *1 (E.D. Pa. Feb. 27, 1991)(prison medical department clearly not a person for purposes of § 1983). I note that there is no claim by Plaintiff that his constitutional rights were violated as the result of any policy, custom or practice of the Lackawanna County Prison. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 690-91 (1978).

The Lackawanna County Prison Medical Department is clearly not a person and therefore not subject to civil rights liability. *See Thompkins v. Doe*, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

### C. Certificate of Merit

The Moving Defendant further contends that to the extent that Plaintiff is attempting to pursue a pendent state law negligence claim, entry of dismissal is also appropriate because the required certificate of merit was not filed.

In order to present a *prima facie* case of medical malpractice/negligence under Pennsylvania state law, a plaintiff has the burden of presenting expert testimony by an appropriate licensed professional who can testify to a reasonable degree of medical certainty that the actions or omissions of the defendant deviated from acceptable medical standards, and that said deviation constituted a substantial

factor in causing the Plaintiff's injury.  *See  Simpson v. Bureau of Prisons*, 2005 WL 2387631 *5 (M.D. Pa. Sept. 28, 2005)(Vanaskie, C.J.).  The only exception to this rule is where the matter "is so simple and the lack of skill or want of care is so obvious as to be within the range of ordinary experience and comprehension of even nonprofessional persons." *Berman v. United States*, 205 F. Supp.2d 362, 264 (M.D. Pa. 2002) (citing *Brannan v. Lankenau Hospital*, 490 Pa. 588 (1980).  However, the instances when expert opinions may be unnecessary are rare.  *See Simpson*, 2005 WL *6; *Arrington v. Inch*, 2006 WL 860961 *7 (M.D. Pa. March 30, 2006) (Conner, J.).

Pennsylvania Rule of Civil Procedure 1042.3 requires a person who brings a claim of medical malpractice/negligence to file an appropriate certificate of merit.  A Rule 1042.3 certificate must certify that either: (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the conduct which is the subject of the complaint fell outside acceptable professional standards and was a cause in bringing about the harm; (2) the claim of deviation by defendant from an acceptable professional standard is based solely upon allegations that other licensed professionals for whom defendant is responsible deviated from an acceptable professional standard; (3) expert testimony of an appropriate licensed professional is unnecessary.  Additionally, a party seeking dismissal under Rule 1042.7 must under Rule 1042.6 serve the

opposing party with a notice of its intention to move for dismissal thirty (30) days prior to doing so. *See Schmigel v. Uchal*, 800 F.3d 113, 121-24 (3d Cir. 2015).

A review of the docket does not show that the Moving Defendant served Plaintiff with a notice of intent to seek dismissal under Rule 1042.7. Consequently, this argument for dismissal will be denied as premature.

## III. CONCLUSION

Pursuant to the above discussion, Defendant Medical Department's unopposed motion to dismiss will be granted in part. Dismissal will be granted in favor of Defendant Medical Department with respect to the § 1983 portion of the Complaint. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge