# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MOLCON, | No. 4:18-CV-00596 |
| Plaintiff, | (Judge Brann) |
| v. | |
| TIM BETTI, | |
| Defendant. | |

## MEMORANDUM OPINION

### JANUARY 15, 2020

Plaintiff Michael Molcon, a prisoner presently confined at the State Correctional Institution at Benner in Bellefonte, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim regarding the medical care that was not provided to him while confined at the Lackawanna County Prison.[1]  Presently before the Court is Defendant Tim Betti's Motion for Summary Judgment, which is ripe for adjudication.[2]  For the reasons that follow, the Court will deny the motion as unsupported but dismiss *sua sponte* the remaining claim against Defendant Betti pursuant to 28 U.S.C. § 1915(e)(2)(B) for substantially the same reasons raised in the motion.

---

[1] ECF No. 1.
[2] ECF No. 30.

## I. FACTUAL BACKGROUND

Plaintiff is Pennsylvania state prisoner who at all times relevant to the complaint was an inmate at the Lackawanna County Prison.[3] Plaintiff suffered injured ribs on November 2, 2016, and an injured back and loose teeth on November 15, 2016, from falling out of his bed.[4] He requested medical treatment from the Medical Department at Lackawanna County Prison on more than one occasion, and did not receive a response.[5]

During this time, medical treatment for inmates at the Lackawanna County Prison was provided by an independent contractor, Correctional Care, Inc. (CCI).[6] The president of CCI is Dr. Edward Zaloga, and Dr. Zaloga, along with the CCI staff of nurses and physician assistants, were responsible for the overall medical care of LCP inmates.[7] In the complaint, Plaintiff alleges that as acting warden of the Lackawanna County Prison, Defendant Betti, should be responsible for allowing his medical staff to be negligent. Defendant Medical Department was previously

---

[3] *See* ECF No. 1 at 3.
[4] ECF No. 1.
[5] *Id.*
[6] ECF No. 32 at 1. Defendant Betti includes this factual allegation as an undisputed fact in the motion. Because there is no factual support for this allegation in the record, the Court notes but does not rely on it.
[7] ECF No. 32 at 1. Defendant Betti includes this factual allegation as an undisputed fact in the motion. Because there is no factual support for this allegation in the record, the Court notes but does not rely on it.

dismissed as a party for failure to state a claim against them upon which relief may be granted because a department is not a "person" as that term is used in § 1983.[8]

## III. DISCUSSION

### A. Summary Judgment

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.[9] A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.[10] A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[11] The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.[12] When the non-moving party fails to refute or oppose a fact, it may be deemed admitted.[13]

Initially, the moving party must show the absence of a genuine issue concerning any material fact.[14] Once the moving party has satisfied its burden, the

---

[8] *See* ECF No. 21
[9] Fed. R. Civ. P. 56(c).
[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[11] *Id.* at 250.
[12] *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).
[13] *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").
[14] *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986).

non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[15] "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."[16]

Here, the Court finds that Defendant Betti has not carried his burden in demonstrating the appropriateness of summary judgment. Rule 56 explicitly requires that the moving party "must" demonstrate the indisputability of its facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."[17] Although Defendant Betti has included a statement of material facts, which consists of only two paragraphs, he has failed to support these assertions by "citing to particular parts of materials in the record," as required by the Federal Rules. Indeed, Defendant Betti has provided no record at all. Because he has failed to carry his burden to demonstrate that summary judgment is appropriate, the Court must deny the motion.[18]

---

[15] *Anderson*, 477 U.S. at 257.
[16] *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).
[17] Fed. R. Civ. P. 56(c)(1)(A).
[18] That Plaintiff has failed to refute the statement of material facts, which may, under certain circumstances, deem them admitted, is unavailing to the Defendant because (1) the plain language of Rule 56 requires the record support for any proffered fact before summary judgment may be granted, and (2) our Court of Appeals has left open the question of whether summary judgment may be granted based on factual assertions deemed admitted but not

4

## B. *Sua Sponte* Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

Although the Court is precluded from granting summary judgment upon Defendant's motion, the Court is mindful of the chief legal argument made therein, *i.e.* Defendant was not personally involved in the medical treatment Plaintiff did or did not receive at Lackawanna County Prison.

Under § 1915(e)(2)(B) of the Prisoner Litigation Reform Act, the Court has an obligation to dismiss a complaint "at any time the court determines" the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.[19] That section applies to this action because Plaintiff is complaining about prison conditions and is a prisoner proceeding *in forma pauperis*.[20]

In determining whether a prisoner's complaint states a claim under § 1915(e)(2)(B), the Court is guided by the Rule 12(b)(6) motion to dismiss standard. Under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe

---

    supported by record evidence. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 (3d Cir. 1990) ("It may be that a local rule like Rule 6(i) could provide, or be construed to mean, that all of the uncontroverted facts stated in or in connection with the motion may be accepted as true by the court whether or not so evidenced. We need not resolve that issue here, however.").

[19] 28 U.S.C. § 1915(e)(2)(B). *See, e.g.*, *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019) (en banc) (noting that under the PLRA the district court shall at any time dismiss any case which, *inter alia*, fails to state a claim upon which relief may be granted); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); *Bower v. Rey*, 2016 WL 7324526 (M.D. Pa. Dec. 16, 2016); *Bracey v. Pa. Dep't of Corrs.*, 2012 WL 1825828 (W.D. Pa. May 18, 2012) ("The Court's obligation to dismiss a complaint under the PLRA screening provisions is not excused even after defendants have filed a motion to dismiss.").

[20] *See* 28 U.S.C. § 1915(e)(2).

the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[21] While a complaint need only contain "a short and plain statement of the claim,"[22] and detailed factual allegations are not required, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[23] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[24]

Here, Plaintiff has brought his constitutional claim against Defendant Betti pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[25] "A defendant in a civil rights action 'must have personal involvement

---

[21] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).
[22] Fed. R. Civ. P. 8(a)(2).
[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).
[25] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'"[26] Further, supervisory liability cannot be imposed under § 1983 by *respondeat superior*.[27] "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[28] A plaintiff must show that an official's conduct caused the deprivation of a federally protected right.[29]

Consequently, the Court must dismiss Defendant Betti because the complaint is devoid of any allegation of his personal involvement regarding the medical treatment Plaintiff requested at the Lackawanna County Prison. Plaintiff does not allege that Defendant Betti had any actual knowledge of Plaintiff or his requests for medical treatment. The complaint thus lacks any nexus between the facts alleged by Plaintiff and the conclusory allegation that Defendant Betti should be "responsible" for the medical treatment he did or did not receive. Further, even considering the allegations in light of Defendant Betti's supervisory role as warden of the Lackawanna County Prison, a supervisory official has no affirmative constitutional

---

[26] *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007). *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[27] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993).

[28] *Iqbal*, 556 U.S. at 677.

[29] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right.").

duty to supervise or discipline subordinates so as to prevent the violation of constitutional rights.[30] Here, there are simply no allegations of personal involvement, participation, or even knowledge of the wrongs allegedly suffered by Plaintiff. Given the lack of allegations pled by Plaintiff, the complaint fails to state a claim against Defendant Betti and the action must be dismissed without prejudice pursuant to § 1915(e)(2)(B).

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile."[31] The Court will therefore grant leave to amend in order to allow Plaintiff an opportunity to amend his complaint in conformance with this Memorandum Opinion.

## IV. CONCLUSION

Based on the foregoing, the motion for summary judgment will be denied and the complaint will be dismissed without prejudice with leave to amend granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[30] *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990).
[31] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).