## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MOLCON, | No. 4:18-CV-00596 |
| Plaintiff, | (Judge Brann) |
| v. | |
| TIM BETTI, | |
| Defendant. | |

## MEMORANDUM OPINION

### AUGUST 11, 2020

Plaintiff Michael Molcon, a prisoner presently confined at the State Correctional Institution at Benner in Bellefonte, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant Warden Tim Betti alleging an Eighth Amendment claim regarding the medical care that was not provided to him while confined at the Lackawanna County Prison.[1]  The Court previously dismissed the complaint for lack of personal involvement of Defendant Betti and granted Plaintiff leave to amend in order to correct this deficiency.[2]

Plaintiff has now filed a one page amended complaint, and Defendant Betti has filed a motion to dismiss it.[3]  Plaintiff has not opposed the motion to dismiss,

---

[1]  Doc. 1.
[2]  Docs. 35 (mem.), 36 (order).
[3]  *See* Docs. 37 (am. compl.), 38 (motion).

and the time for doing so has now passed.  For the reasons that follow, the Court will grant the motion and dismiss the amended complaint.

## I.    FACTUAL BACKGROUND

Plaintiff is Pennsylvania state prisoner who at all times relevant to the complaint was an inmate at the Lackawanna County Prison.[4]  Plaintiff explained in his complaint that he suffered injured ribs on November 2, 2016, and subsequently an injured back and loose teeth on November 15, 2016, from falling out of his bed.[5]  He requested medical treatment from the Medical Department at Lackawanna County Prison on more than one occasion and did not receive a response.[6]  In the complaint, Plaintiff alleged that as acting warden of the Lackawanna County Prison, Defendant Betti should be responsible for permitting his medical staff to be negligent.  Because Plaintiff failed to allege any personal involvement by Defendant Betti and § 1983 liability may not be based on *respondeat superior*, the Court, as noted above, dismissed the complaint, with leave to amend.

In the amended complaint, Plaintiff states that in his opinion the medical care that was not provided at the Lackawanna County Prison violated his Eighth Amendment rights.[7]  In sum, he states that he did not receive the medical care he

---

[4]   *See* Doc. 1 at 3.
[5]   Doc. 1.
[6]   *Id.*
[7]   *See* Doc. 37 at 1.

requested.[8]  Although the amended complaint does reference Defendant Betti, it is unclear how Warden Betti was involved in the denial of medical treatment based on the allegation: "Tim Betti stated ECF No. 32 at 1 that no factual support for this allegations in the record."[9]

Next, Plaintiff alleges for the first time that he suffered abuse by staff at the prison, that staff there has a history of abuse, and that his request to speak to a PREA [Prison Rape Elimination Act] visitor was denied.[10]  In addition, Plaintiff states that another inmate assaulted him.[11]  Plaintiff seeks damages in the amount of $500,000.00 and that criminal charges be brought against the staff and the inmate who assaulted him.[12]

## II.    STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.[13]  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.[14]  The issue in a

---

[8]   *See id.*
[9]   *See id.*
[10]  *See id.*
[11]  *See id.*
[12]  *See id.*
[13]  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[14]  *See Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam).

motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.[15]

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for the claims.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[16]  The court need not accept unsupported inferences,[17] nor legal conclusions cast as factual allegations.[18]  Legal conclusions without factual support are not entitled to the assumption of truth.[19]

Once a court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible.  This is a context-specific task, for which the court should be guided by its judicial experience.  The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that

---

[15]  *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

[16]  *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted).

[17]  *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).

[18]  *Twombly*, 550 U.S. at 556.

[19]  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

is plausible on its face."[20]  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[21]  The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion.[22]

## III.  DISCUSSION

Defendant Warden Betti again seeks to be dismissed from this civil action for lack of personal involvement.  As the Court previously outlined in the memorandum opinion dismissing the original complaint and Defendant Betti, "[a] defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'"[23]  In that memorandum opinion, the Court very explicitly outlined the sort of involvement that would permit recovery in a § 1983 action and why Plaintiff's allegations regarding Defendant Betti failed to meet that level of involvement:

> Further, supervisory liability cannot be imposed under § 1983 by *respondeat superior*.[24]  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own

---

[20]  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[21]  *Id.*
[22]  *See* Fed. R. Civ. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).
[23]  *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).  *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).
[24]  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993).

misconduct."[25]  A plaintiff must show that an official's conduct caused the deprivation of a federally protected right.[26]

> The Court must dismiss Defendant Betti because the complaint is devoid of any allegation of his personal involvement regarding the medical treatment Plaintiff requested at the Lackawanna County Prison.  Plaintiff does not allege that Defendant Betti had any actual knowledge of Plaintiff or his requests for medical treatment.  The complaint thus lacks any nexus between the facts alleged by Plaintiff and the conclusory allegation that Defendant Betti should be "responsible" for the medical treatment he did or did not receive. Further, even considering the allegations in light of Defendant Betti's supervisory role as warden of the Lackawanna County Prison, a supervisory official has no affirmative constitutional duty to supervise or discipline subordinates so as to prevent the violation of constitutional rights.[27]  Here, there are simply no allegations of personal involvement, participation, or even knowledge of the wrongs allegedly suffered by Plaintiff.[28]

Because it was possible that Plaintiff could allege sufficient personal involvement by Defendant Betti if he was actually involved in the denial of medical care to Plaintiff, the Court granted Plaintiff leave to amend in conformity with the Court's memorandum opinion.[29]

That said, Plaintiff continues to fail to allege any personal involvement by Defendant Betti in the amended complaint.  Even after an opportunity to amend together with clear explanation by the Court as to what constitutes personal

---

[25]  *Iqbal*, 556 U.S. at 677.
[26]  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right.").
[27]  *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990).
[28]  Doc. 35 at 7-8 (footnotes in original).
[29]  *See id.* at 8.

involvement, Plaintiff has failed to allege any set of facts that would state an Eighth Amendment medical claim against Defendant Betti.   Notably, Plaintiff has also failed to oppose the motion.   The Court finds that any further opportunity to amend would be futile here.   The amended complaint will be dismissed with prejudice.[30]

Finally, the Court notes that Plaintiff has for the first time raised assaults inflicted upon him by unnamed prison staff and another inmate.   Because these allegations do not involve the same occurrence or series of occurrences of the alleged denial of medical care to Plaintiff or a common question of law or fact, Plaintiff cannot join the unnamed staff and inmate in this action.[31]   He must file a new civil action if he wishes to pursue these alleged assault claims.[32]   Because Plaintiff has not identified these unnamed persons as defendants in the amended complaint, the Court presumes that Plaintiff did not intend to join them in this action. Consequently, the Court need not sever these improper parties or claims.   To the extent that Plaintiff wishes that criminal charges be brought against prison staff and

---

[30]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("[*I*]*n forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend *unless amendment would be . . . futile*.") (emphasis added).

[31]   *See* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.").

[32]   *See Zamichieli v. DelBalso*, No. 17-cv-1898, 2018 WL 3727416, at *2 (M.D. Pa. Aug. 6, 2018) (noting that "Rule 20 'takes on additional importance in light of'" the PLRA "as 'a prisoner-plaintiff who is permitted to combine separate, independent claims into one complaint is able to circumvent the PLRA's filing fee requirements and [its] potential three strikes limitation.'") (quoting *Saltalamacchia v. Wentzel*, 2017 WL 2843302, at *3 (M.D. Pa. June 9, 2017) (alteration in original).

the inmate, Plaintiff is at liberty to report such assaults to the appropriate local law enforcement.

## IV.  CONCLUSION

Based on the foregoing, the motion to dismiss will be granted and the amended complaint will be dismissed with prejudice.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge